UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID CHILDERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16 CV 873 DDN |
| ) | |
| MEGAN J. BRENNAN, ) | |
| Postmaster General of the United States, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This action is before the court on the motion of defendant for summary judgment. (ECF No. 6). The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). For the reasons discussed below, the court denies the motion.

## I. BACKGROUND

Plaintiff David Childers is an automotive technician for the United States Postal Service ("USPS") facility in St. Louis, Missouri. (ECF No. 1). He alleges that he is disabled due to certain impairments, including permanent nerve damage impairing his left arm and right shoulder, dyslexia, and a hearing impairment. *Id.* Between June 2013 and October 2014, he filed three formal complaints with the USPS Equal Employment Opportunity ("EEO") alleging discrimination on the basis of physical disability, a hostile work environment, and retaliation. (ECF No. 7, Exs. 2-8). The EEO transmitted the investigative file for his third complaint to plaintiff on December 16, 2014. (*Id.* at Ex. 9). Plaintiff requested a hearing and was represented by Jerald A. Hochsztein. (*Id.* at Ex. 10). The hearing request was dismissed on February 1, 2016, after plaintiff's counsel failed to respond to discovery and a show cause order. (*Id.* at Ex.

11).  The USPS EEO issued a final agency decision on March 11, 2016, addressing all three of plaintiff's complaints and concluding that the evidence did not support a finding that plaintiff was subjected to the alleged discrimination.  (*Id.* at Ex. 12).  This was delivered to plaintiff on Thursday, March 17, 2016.  (*Id.* at Ex. 13).

Ninety-one days later, on June 16, 2016, plaintiff filed a complaint against Megan Brennan, the Postmaster General of the United States, alleging employment discrimination, a hostile work environment, and retaliation under Title VII of the Civil Rights Acts.  (ECF No. 1, Ex. 2).  Defendant moved for summary judgment on August 22, 2016, arguing that the complaint was outside the filing deadline and must be dismissed as untimely.  (ECF Nos. 6 and 7).

The parties appeared before the court for a Rule 16 scheduling conference on October 18, 2016. (ECF No. 11).  At this hearing, plaintiff, appearing *pro se*, alleged that his attorney, Jerald Hochsztein, dropped him off in front of the courthouse on June 16, 2016, and instructed him to go inside and file the complaint alone.  (*Id.*)  When plaintiff asked his attorney to accompany him inside, the attorney declined.  Plaintiff stated that his attorney told him he had tried to submit the complaint the night of June 15, 2016, but it had been kicked back, though the attorney did not tell plaintiff why.  (*Id.*)  Relying on the advice of his counsel, plaintiff understood June 16th to be the ninetieth day.  Plaintiff reported that he later learned his attorney was disbarred.  (*Id.*) Counsel for the defendant stated she had no direct knowledge of these allegations, but she had no reason to dispute these facts or think that plaintiff was misstating the truth.  (*Id.*)

On November 16, 2016, the court conferred with the parties and plaintiff Childers reported he had retained counsel.  (ECF No. 16).  On December 16, 2016, plaintiff's counsel filed a response to defendant's motion for summary judgment, including an affidavit from plaintiff.  (ECF No. 19).  According to plaintiff's affidavit, he had extensive phone and email communication with Mr. Hochsztein in the ninety-day period between March 17, 2016, and June 15, 2016.  (*Id.* at Ex. 1).  Specifically, plaintiff emailed Mr. Hochsztein the day after receiving the agency decision letter, tracked the agency decision letter that was sent to Mr. Hochsztein, followed up with Mr. Hochsztein several times via email and phone to ensure he had the necessary paperwork to file the complaint, and spoke with Mr. Hochsztein several times on the phone once he received the paperwork to ascertain the status of the filing.  Plaintiff attests that on June 2, 2016, he emailed Mr. Hochsztein the following:

> Jerry, Since I received the agency decision you have told me you were going to file for a jury trial. Time is almost up would you please go ahead and file this. We have spoken on the phone 3 times and you have assured me each time that you were going to do this and told me not to worry but time is slipping by. Please let me know when you have filled this. Thanks Dave Childers APWU Central Region Safety/Health Representative.

(*Id.* at Ex. 4).

Mr. Hochsztein replied on Monday, June 13, 2016 with a draft of the complaint to be filed in federal court. (*Id.* at Ex. 5). Plaintiff replied the same day with one minor edit and requested that Mr. Hochsztein file the complaint. (*Id.* at Ex. 6). Plaintiff sent Mr. Hochsztein an email on June 16, 2016, asking Mr. Hochsztein to send him an email or text when he electronically filed the case. (*Id.* at Ex. 7). Mr. Hochsztein replied saying he filed the case electronically the day before (on June 15, 2016). (*Id.*) However, later on June 16, plaintiff received a phone call at work from Mr. Hochsztein asking plaintiff to meet him outside so that he could take plaintiff to the courthouse. (*Id.* at Ex. 1). Mr. Hochsztein reported to plaintiff that he had tried to file the complaint electronically the day before, but it had not worked, so plaintiff needed to file the complaint in person. (*Id.*) According to plaintiff, Mr. Hochsztein then drove plaintiff to the courthouse, gave him the necessary paperwork and filing fee, and pointed him in the direction of the Clerk's Office. (*Id.*) At that time, Mr. Hochsztein drove away, leaving plaintiff to file the complaint *pro se*. (*Id.*) Plaintiff did so. (ECF No. 1)

Later, plaintiff discovered that his attorney had been disbarred, and this is, apparently, why he was unable to submit the complaint electronically on June 15 and why he declined to accompany plaintiff inside the courthouse. (ECF No. 19, Ex. 1). According to Missouri Supreme Court case No. SC95557, Jerald Hochsztein was disbarred on February 29, 2016. *See also In Re: Jerald A. Hochsztein*, 4:16 mc 275 RWS (E.D. Mo. filed Apr. 26, 2016, ordered June 30, 2016) (disbarring Jerald Hochsztein from this court). Plaintiff attests that Mr. Hochsztein never told him he had been disbarred, and plaintiff only discovered this fact about a week after the filing of his complaint. (ECF No. 19, Ex. 1). Defendant did not dispute any of these facts, but filed a reply to plaintiff's response on January 6, 2017. (ECF No. 22).

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant alleges that Plaintiff's complaint was untimely and that Defendant is therefore entitled to judgment as a matter of law.  Plaintiff responds that his attorney's misrepresentations satisfy the equitable tolling exception.  The court agrees.

### A. <u>Legal Standard</u>

Summary judgment is appropriate "if there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The burden shifts to the non-moving party to demonstrate that disputes of fact do exist only after the movant has made its showing. *Id.*  In this case the relevant facts are undisputed.  All that is necessary is for the court to apply the law to those facts.

### B. <u>Discussion</u>

A Title VII claimant must exhaust the applicable administrative remedies before filing a civil action for employment discrimination against a federal agency. *See* 29 C.F.R. § 1614.  At the conclusion of the administrative process, a claimant will receive a final agency decision.  A claimant has ninety days from receipt of the final decision to file a civil action.  29 C.F.R. 1614.407(a).  For purposes of the timing statute, a claimant "receives" the final decision on the date it is delivered to the claimant. *See, e.g., House v. Salazar*, 598 F. Supp. 2d 89, 92 (D.D.C. 2009).  The Eighth Circuit has held that failure to file suit within 90 days of receiving a notice of final action renders a plaintiff's action untimely. *Hallgren v. U.S. Dep't. Energy*, 331 F.3d 588, 589 (8th Cir. 2003).  This strict time limitation may be equitably tolled upon a showing that the party was (1) pursuing his rights diligently but (2) was prevented from filing on time by extraordinary circumstances outside of his control. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Equitable tolling will not apply if a party simply failed to exercise reasonable diligence. *Hallgren*, 331 F.3d at 591.

Based on the undisputed facts before the court, Mr. Childers received the final decision, as well as notice of the ninety-day filing timeline, on March 17, 2016.  The date that fell ninety

days after March 17, 2016, was Wednesday, June 15, 2016. But Mr. Childers did not file his civil complaint until Thursday, June 16, 2016. Mr. Childers has the burden of pleading and proving any equitable reasons for his failure to meet the ninety-day time limit. *See Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011). He argues that this delay was due to the extraordinary circumstance of his attorney's disbarment. Defendant asserts that plaintiff's attorney's misconduct was garden-variety neglect and does not constitute an extraordinary circumstance.

Unprofessional attorney conduct can sometimes rise to the level of an extraordinary circumstance that warrants equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). Tolling will not excuse late filings if they are merely the result of an attorney's or a client's "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Eighth Circuit has allowed tolling when a client's attorney retained files and made misleading statements. *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). The Second Circuit has found that an attorney's failure to perform an essential service could warrant tolling. *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003). The Ninth Circuit has found the extraordinary circumstance standard satisfied when an attorney failed to follow a client's specific direction to file a petition. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003).[1]

Plaintiff's attorney was disbarred in February 2016. Under the Missouri Code of Professional Responsibility, following this disbarment, Mr. Hochsztein was required to withdraw from representation in pending matters within fifteen days of the disbarment order. Mo. Sup. Ct. R. 5.27. He was also required to notify each of his clients in writing that he had been disbarred. *Id.* But Mr. Hochsztein never told plaintiff, and, in fact, continued to represent plaintiff and assure plaintiff he would file his complaint. Plaintiff only discovered that Mr. Hochsztein had been disbarred a week after the untimely filing of his complaint, in June 2016. (ECF No. 19, Ex.

---

[1] Defendant suggests that the standard for the extraordinary circumstance prong of equitable tolling is lower in habeas cases than in Title VII cases. (ECF No. 22). However, the court can find no support to that effect. The common law doctrine of equitable tolling applies to habeas claims as well as claims under Title VII, in order to promote its remedial purpose. *See e.g., Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 240 (3d Cir. 1999). *See also Sebelius v. Auburn Reg'l Med. Ctr.,* 133 S. Ct. 817, 827-28 (2013) (implying that equitable tolling applies in the habeas and Title VII contexts because both are remedial). Any arguments related to the incarceration of habeas petitioners would seem to apply to the reasonable diligence prong, not the extraordinary circumstance prong.

1). While defendant argues that Mr. Hochsztein was not formally disbarred from this court until June 30, 2016, this is a technicality. At no point during the pendency of the ninety-day period was Mr. Hochsztein admitted to Missouri courts, and he was ordered to show cause in this court on April 27, 2016 – well before the filing deadline – why the same discipline should not issue. *In Re: Jerald A. Hochsztein*, 4:16 mc 275 RWS (E.D. Mo. filed Apr. 26, 2016). To continue to represent plaintiff under these circumstances was not ordinary attorney misconduct. Plaintiff's attorney not only made misleading statements about the status of the filing, but he also misled plaintiff about the nature of his representation and his ability to perform the fundamental service of filing the case on plaintiff's behalf. Accordingly, the actions of plaintiff's attorney constitute an extraordinary circumstance.

This is not the end of the analysis, however. Mr. Childers must also show that he was pursuing his rights diligently. *Lawrence*, 549 U.S. at 336. In cases of attorney misconduct, reasonable diligence has been found when a client "wrote his attorney numerous letters seeking crucial information and providing direction; . . . repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney] removed from his case[;] [a]nd, the *very day* that [he] discovered that his AEDPA clock had expired due to [his attorneys]' failings, [he] prepared his own habeas petition *pro se* and promptly filed it with the District Court." *Holland*, 560 U.S. at 653. Another case found reasonable diligence when a petitioner "retained legal help in a timely and diligent fashion, repeatedly contacted his attorneys, paid them large sums of money for their services, and received assurances from them that they were handling his case appropriately and diligently." *Ray v. Gonzales,* 439 F.3d 582, 590 (9th Cir. 2006); *see also United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (finding reasonable diligence when petitioner's wife called attorney dozens of times with no response and set up two appointments that attorney ignored, while petitioner sent attorney documents).

Based on the November 16, 2016 hearing, and plaintiff's December 16, 2016 affidavit, the court concludes that Mr. Childers exercised reasonable diligence during the ninety-day period at issue. Plaintiff promptly notified Mr. Hochsztein of the ninety-day clock, repeatedly followed up with Mr. Hochsztein during that period to request that the complaint be filed, and was assured multiple times by Mr. Hochsztein that the complaint would be filed in time. Mr. Hochsztein even told plaintiff the complaint was filed on June 15. All the while, and unknown

to plaintiff, Mr. Hochsztein was disbarred. Despite his attorney's misconduct, plaintiff filed the complaint only one day outside of the ninety-day period.

In addition to Mr. Childer's diligence as a client, and as defendant notes in her reply, it is important to consider whether plaintiff had actual or constructive notice of the filing requirement, and whether his lack of knowledge was reasonable. It appears from the facts before this court that he was under the impression the date the complaint had to be filed was the 16th of June. It may be that his lack of knowledge of the specific filing date was not reasonable, because he received multiple EEOC letters, but his presumed knowledge appears to have been eroded by his attorney's misrepresentations.

Moreover, the defendants have proffered no evidence of prejudice as a result of the one- or two-day delay in filing. Although courts may not rely on lack of prejudice as a determinative factor, once a factor that might justify equitable tolling is identified, prejudice is a factor to be considered. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). The defendant's interest in prompt notice of the claims against it was not substantially damaged by this one-day delay. *See Seitzinger*, 165 F.3d at 241-42 (3d Cir. 1999).

This court therefore concludes that plaintiff is entitled to equitable tolling and defendant's motion for summary judgment must be denied.

### III.  ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment (ECF No. 6) is denied.

                                  /s/  David D. Noce  
                            **UNITED STATES MAGISTRATE JUDGE**

Signed on January 12, 2017.